UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LA'TOSHA WOODWARD,<br><br>        Plaintiff,<br><br>v.<br><br>RYSZARD BABICZ,<br><br>        Defendant. | Civil No. 21-17724 (NLH/EAP)<br><br>**OPINION** |

**APPEARANCES:**

MATTHEW L. SOLOMON
DION SOLOMON & SHAPIRO LLC
TEN PENN CENTER
1801 MARKET STREET
SUITE 606
PHILADELPHIA, PA 19103

    *On behalf of Plaintiff*

ERIN R. THOMPSON AND LINDSAY SCARBOROUGH SWITZER
BIRCHMEIER & POWELL, ESQS.
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582

    *On behalf of Defendant*

**HILLMAN**, District Judge

    Before the Court is Plaintiff La'Tosha Woodward's ("Plaintiff") motion to present expert medical testimony by prerecorded or remote means. (ECF 25). For the reasons expressed below, Plaintiff's motion will be denied.

This matter is currently referred to Arbitration. Plaintiff is a Connecticut resident who, following the car accident that is the subject of this action, (ECF 4 at ¶ 5), has received treatment from Dr. William Lohrer, MD in Hartford, Connecticut, (ECF 25 at ¶ 2). Plaintiff intends to call Lohrer as an expert witness, (id. at ¶ 4), but submits that Lohrer is located more than 200 miles from the courthouse and that Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure permits the use of depositions at trial when the witness is located more than 100 miles from the courthouse, (id. at ¶¶ 7-8). Plaintiff represents that Lohrer operates a busy medical practice and requiring him to travel to the courthouse to provide in-person testimony would place a significant financial burden on Plaintiff and, instead, asks that Lohrer be permitted to provide expert testimony via a pre-recorded deposition. (Id. at ¶¶ 11-13; ECF 25-1 at 2).

The split among courts in applying Rule 32(a)(4)(B) and its predecessor – Rule 32(a)(3)(B)— to expert witnesses has been acknowledged within the Third Circuit, as has courts' discretion in excluding the deposition testimony of distant experts. See Aubrey Rogers Agency v. AIG Life Ins. Co., No. Civ.A.97–529, 2000 WL 135129, at *3 (D. Del. Jan. 13, 2000). Courts that have excluded expert depositions under such circumstances have done so due to the importance of assessing experts' credibility

2

firsthand.  See id. at *4; In re Air Crash Disaster at Stapleton Int'l Airport, 720 F. Supp. 1493, 1502-03 (D. Colo. June 7, 1989); see also Tsuei v. Smith, No. 88-9159, 1990 WL 174460, at *1 (E.D. Pa. Nov. 5, 1990) ("The court in its discretion may refuse to admit the deposition testimony of a witness who is beyond the 100 mile radius.").[1]

The court in Aubrey Rogers Agency concluded that the plaintiff effectively "procured" the absence of its expert by selecting one based in Texas despite its ability to select an expert closer to the court.  2000 WL 135129, at *4.  This Court agrees with that reasoning and interpretation of Rule 32(a)(4)(B).  Presenting an expert remotely or via prerecorded deposition forecloses valuable opportunities for the factfinder to ask questions, assess the expert's credibility, and assign appropriate weight to the substance of the testimony with as few barriers as practicable.

Moreover, the common law has long recognized that experts can have a profound, and sometimes outsized, influence on juries.  See, e.g., United States v. Jones, No. 16-516, 2017 WL

---

[1] As Plaintiff has designated Lohrer as an expert, nothing in this Opinion precludes the parties from taking Lohrer's deposition, including testimony in the form of an opinion under Federal Rules of Evidence 702, as expert discovery has not yet closed.  However, Plaintiff may only use at trial those portions of the deposition that constitute fact testimony as Lohrer is outside the subpoena power of the Court.  See Fed. R. Civ. P. 45(c)(1).

3

1591855, at *3 (D.N.J. May 1, 2017) ("The expertise, indeed the prestige, of an expert opinion witness may have the undesirable effect of absolving the jurors . . . . relieving them of their responsibility, attenuating their proper sense that they, and they alone, are responsible for finding the facts."). Policing and monitoring of expert opinions, and ruling on last minute objections to expert testimony that may arise only after the testimony from other witness including other expert witnesses, are judicial tasks too important to hindered by remote access or prerecorded testimony. See Fed. R. Evid. 611(a). The value of in-person expert testimony, and the risks attendant to a paid witness, are simply too great to permit Lohrer, or any expert witness, to provide expert testimony as requested.

## Conclusion

For the reasons stated above, Plaintiff's motion to present expert medical testimony by prerecorded or remote means will be denied.

An Order consistent with this Opinion will be entered.


Date: October 25, 2022                  s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

4